UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN,<br><br>   Plaintiff,<br><br> v.<br><br>G. NUNEZ, et al.,<br><br>   Defendants. | Case No. 23-cv-00672-AMO (PR)<br><br>**ORDER OF PARTIAL DISMISSAL; SERVING COGNIZABLE CLAIM; ADDRESSING PENDING MOTIONS; AND SETTING BRIEFING SCHEDULE** |

## I.   INTRODUCTION

Plaintiff Ronnie Cherokee Brown, a state prisoner who is currently incarcerated at the California Health Care Facility ("CHCF"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional violations that took place at Salinas Valley State Prison ("SVSP"), where he was previously incarcerated.

Brown's motion for leave to proceed *in forma pauperis* will be granted in a separate written Order. Also before the Court are Brown's motions for default judgment, motions for appointment of counsel, and "Motion[s] Requesting a[n] Early ADR Settlement Conference," and a motion requesting the Court to "coordinate with the warden of [CHCF]." Dkts. 12, 18, 25, 28, 29, 30, 32.

In his complaint, Brown names SVSP Correctional Officers G. Nunez and J. Gonzales and sues them both in their individual and official capacities. Dkt. 1 at 2-3.[1] Brown seeks monetary and punitive damages. *Id.* at 3.

The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A. Venue is proper because the events giving rise to Brown's claims in his complaint are alleged to

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Brown.

1  have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

**II. DISCUSSION**

    **A. Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

    **B. Legal Claims**

        **1. Official Capacity Claims**

Brown has sued Defendants Nunez and Gonzales individually and in their official capacities seeking monetary relief. Dkt. 1 at 3. "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Unless waived, the Eleventh Amendment bars a federal court award of damages against a state, state agency, or state official sued in an official capacity. *Id.* at 169. As there has been no waiver here, Brown's claims against the named defendants in their official capacities for monetary damages is DISMISSED with prejudice.

        **2. Individual Capacity Claims**

Having reviewed the complaint, the Court finds that Brown's allegations, liberally construed, state a cognizable First Amendment claim that Defendants Nunez and Gonzales retaliated against Brown based on their alleged actions on July 19, 2022 of depriving Brown of his personal property as punishment for attempting to commit suicide, which forced him to move to a

mental health crisis bed.  *See Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977) (Retaliation by a state actor for the exercise of a constitutional right is actionable under section 1983, even if the act, when taken for different reasons, would have been proper.).

To the extent Brown claims that Defendants Nunez and Gonzales intentionally or negligently lost his personal property, that claim is DISMISSED.  Neither the intentional nor negligent deprivation or destruction of an inmate's property states a claim under section 1983 if the deprivation was random and unauthorized.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property); *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).  The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process.  *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process).  California law provides such an adequate post-deprivation remedy.  *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).  Nor is a prisoner protected by the Fourth Amendment against the seizure, destruction or conversion of his property.  *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989).  Thus, to the extent Brown's allegations are premised on an unauthorized deprivation of property, they are not cognizable under section 1983.

### III.   OTHER PENDING MOTIONS

Brown has also filed other motions, including: (1) motions for default judgment; (2) motions for appointment of counsel, (3) "Motion[s] Requesting a[n] Early ADR Settlement Conference"; and (4) a motion requesting the Court to "coordinate with the warden of [CHCF]." Dkts. 12, 18, 25, 28, 29, 30, 32.

Brown's motions for appointment of counsel (dkts. 25, 28) are DENIED for want of exceptional circumstances.  *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *see also Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a civil case).  This denial is without prejudice to the court's *sua sponte* appointment of

counsel at a future date should the circumstances of this case warrant such appointment.

Brown's motions for a default judgment are DENIED. Dkts. 12, 30. No defendant has been served with process, let alone missed any deadline to respond, at the time Brown filed his motion.

Brown's "Motion[s] Requesting a[n] Early ADR Settlement Conference" are DENIED as premature. Dkts. 29, 32. At this early point in the litigation and without a stipulation by the parties to referring the action to a magistrate judge for settlement, it would be premature for the Court to order the parties to attend a settlement conference.

Finally, Brown filed a motion requesting the Court to "coordinate with the warden of [CHCF]." Dkt. 18. Brown complains of retaliation at CHCF and also requests the Court "order the prison to give him [his] legal property . . . ." *Id.* at 1-3. This motion is DENIED because Brown has not shown a sufficient reason for this Court to interfere in the day-to-day operations of the prison. *See Turner v. Safley*, 482 U.S. 78, 84-86 (1987); *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should avoid enmeshing themselves in minutiae of prison operations in name of constitution). If Brown is being retaliated against by CHCF officials, then he must bring this claim before the United States District Court for the Eastern District of California. The events giving rise to any alleged retaliation claim at CHCF located in San Joaquin County, California, which lies within the venue of the Eastern District of California. *See* 28 U.S.C. § 84(b). Therefore, venue is not proper in this district. *See* 28 U.S.C. § 1391(b). Accordingly, if Brown wishes to pursue any constitutional claims stemming from the alleged retaliation at CHCF, he must file a complaint in the Eastern District of California.

**IV.   CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.   The Court DISMISSES without leave to amend the claims for monetary damages against Defendants Nunez and Gonzales acting in their official capacity. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider

those claims to be waived if not repled.").

2. Brown states a cognizable First Amendment retaliation claim against Defendants Nunez and Gonzales.

3. Brown's claim that Defendants Nunez and Gonzales intentionally or negligently lost his personal property is DISMISSED. *See Hudson*, 468 U.S. at 533.

4. The following defendant(s) shall be served: **Correctional Officers G. Nunez and J. Gonzales at SVSP.** Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk of the Court is directed to serve on CDCR via email the following documents: the operative complaint (dkt. 1), this Order, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this Order on the plaintiff.

No later than **forty (40) days** after service of this Order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which of the defendant(s) listed in this Order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which of the defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within **twenty-one (21) days**, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this Order, the summons, and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

5. The defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires the defendants to cooperate in saving unnecessary costs of service of the summons and

the operative complaint.  If service is waived, this action will proceed as if the defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), the defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  If the defendants have not waived service and have instead been served by the USMS, then the defendants shall serve and file an answer within **twenty-one (21) days** after being served with the summons and operative complaint.

      6.      The defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

      a.      No later than **sixty (60) days** from the date their answer is due, the defendants shall file a motion for summary judgment or other dispositive motion.  The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that the plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice.  However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, the defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion).  Otherwise if a

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

6

1 failure to exhaust is not clear on the face of the complaint, the defendants must produce evidence

2 proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed

3 evidence viewed in the light most favorable to the plaintiff shows a failure to exhaust, the

4 defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are

5 disputed, summary judgment should be denied and the district judge rather than a jury should

6 determine the facts in a preliminary proceeding. *Id.* at 1168.

7     If the defendants are of the opinion that this case cannot be resolved by summary

8 judgment, the defendants shall so inform the Court prior to the date the summary judgment motion

9 is due. All papers filed with the Court shall be promptly served on the plaintiff.

10     b.     The plaintiff's opposition to the dispositive motion shall be filed with the

11 Court and served on the defendants no later than **twenty-eight (28) days** after the date on which

12 the defendants' motion is filed.

13     c.     The plaintiff is advised that a motion for summary judgment under Rule 56

14 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you

15 must do in order to oppose a motion for summary judgment. Generally, summary judgment must

16 be granted when there is no genuine issue of material fact—that is, if there is no real dispute about

17 any fact that would affect the result of your case, the party who asked for summary judgment is

18 entitled to judgment as a matter of law, which will end your case. When a party you are suing

19 makes a motion for summary judgment that is properly supported by declarations (or other sworn

20 testimony), you cannot simply rely on what your complaint says. Instead, you must set out

21 specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,

22 as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and

23 documents and show that there is a genuine issue of material fact for trial. If you do not submit

24 your own evidence in opposition, summary judgment, if appropriate, may be entered against you.

25 If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154

26 F.3d at 962-63.

27     The plaintiff also is advised that—in the rare event that the defendants argue that the

28 failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust

1   available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit

2   without prejudice. To avoid dismissal, you have the right to present any evidence to show that

3   you did exhaust your available administrative remedies before coming to federal court. Such

4   evidence may include: (1) declarations, which are statements signed under penalty of perjury by

5   you or others who have personal knowledge of relevant matters; (2) authenticated documents—

6   documents accompanied by a declaration showing where they came from and why they are

7   authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements

8   in your complaint insofar as they were made under penalty of perjury and they show that you have

9   personal knowledge of the matters state therein. As mentioned above, in considering a motion to

10  dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment

11  motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed

12  issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

13  (The notices above do not excuse the defendants' obligation to serve similar notices again

14  concurrently with motions to dismiss for failure to exhaust available administrative remedies and

15  motions for summary judgment. *Woods*, 684 F.3d at 935.)

16        d.      The defendants shall file a reply brief no later than **fourteen (14) days** after

17  the date Brown's opposition is filed.

18        e.      The motion shall be deemed submitted as of the date the reply brief is due.

19  No hearing will be held on the motion unless the Court so orders at a later date.

20        7.      Discovery may be taken in this action in accordance with the Federal Rules of Civil

21  Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to the defendants to

22  depose the plaintiff and any other necessary witnesses confined in prison.

23        8.      All communications by the plaintiff with the Court must be served on the

24  defendants or defendants' counsel, once counsel has been designated, by mailing a true copy of

25  the document to them.

26        9.      It is the plaintiff's responsibility to prosecute this case. The plaintiff must keep the

27  Court informed of any change of address and must comply with the Court's orders in a timely

28  fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address

changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

10. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

11. Brown's motions for appointment of counsel are DENIED. Dkts. 25, 28.

12. Brown's motions for a default judgment are DENIED. Dkts. 12, 30.

13. Brown's "Motion[s] Requesting a[n] Early ADR Settlement Conference" are DENIED as premature. Dkts. 29, 32.

14. Brown's motion requesting the Court to "coordinate with the warden of [CHCF]" is DENIED. Dkt. 18. If Brown wishes to pursue any constitutional claims stemming from the alleged retaliation at CHCF, he must file a complaint in the Eastern District of California.

15. This Order terminates Docket Nos. 12, 18, 25, 28, 29, 30, and 32.

**IT IS SO ORDERED.**

Dated: September 18, 2023

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge