UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE CHEROKEE BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>G. NUNEZ, et al.,<br><br>    Defendants. | Case No. 23-cv-00672-AMO (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

Plaintiff Ronnie Cherokee Brown, an inmate currently incarcerated at the Kern Valley State Prison and frequent litigant in federal court, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, representing himself. He was previously granted leave to proceed *in forma pauperis* ("IFP"). Dkt. 33. However, the Court granted Defendants' motion to revoke Brown's IFP status, pursuant to 28 U.S.C. § 1915(g),[1] and notified Brown of the earlier dismissals it considered to support a section 1915(g) dismissal. Dkt. 45 at 3-7 (citing *Andrews v. King*, 398 F.3d 1113, 1120-21 (9th Cir. 2005) (allowing the plaintiff an opportunity to be heard on the matter before dismissing the action under section 1915(g)). The Court also found that Brown had not shown that he was entitled to the imminent danger exception under section 1915(g). *Id.* at 8. The Court directed Brown pay the full filing fee of $405, including the $350 fee and $55 administrative fee, or risk dismissal without prejudice of this action without timely payment of the full filing fee. *Id.* The Court informed Brown that if he failed to pay the full filing fee within

---

[1] On April 26, 1996, the Prison Litigation Reform Act of 1995 ("PLRA") was enacted and became effective. The PLRA provides that a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

1 twenty-eight days, this action would be dismissed without prejudice without further notice. *Id.* at

2 9. Therefore, the record shows that Brown was given the opportunity to be heard on the question

3 of whether the instant action is subject to dismissal under section 1915(g). *See Andrews*, 398 F.3d

4 at 1120-21.

5 More than twenty-eight days have passed, and Brown has not responded to the Court's

6 Order or otherwise communicated with the Court. Accordingly, this action is hereby

7 **DISMISSED** pursuant to 28 U.S.C. § 1915(g). The dismissal is without prejudice to bringing the

8 claims herein in a future action in which Brown pays the full filing fee.

9 The Clerk of the Court shall terminate all pending motions and close the file.

10 **IT IS SO ORDERED.**

11 Dated:   June 24, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

2